IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWARD AARON SOMMER,           CASE NO. 2:06-cv-1048
                                                           JUDGE SARGUS
         Petitioner,                     MAGISTRATE JUDGE KING

v.

SHERIFF DAVE PHALEN,

         Respondent.

## OPINION AND ORDER

On November 5, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

This case involves petitioner's conviction after a bench trial on driving while intoxicated. As his sole claim for habeas corpus relief, petitioner asserts that he was denied the right to present a defense because the state trial court refused to permit defense witnesses to testify regarding the margin of error for the blood alcohol testing machine or that petitioner's blood alcohol concentration may have been below the legal limit at the time of his arrest. The Magistrate Judge recommended dismissal of this claim as waived due to petitioner's failure to fairly present the claim to the state courts as a federal constitutional issue. Petitioner objects to this recommendation.

Petitioner contends that he fairly presented his federal issue that he was denied the right to present a defense by citing to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Additionally, citing to *Jackson v. Edwards*, 404 F.3d 612 (2nd Cir. 2005), petitioner argues that the federal and state law issue intertwined such that he fairly presented his federal claim to the state courts by the very nature of the state claim. *See Objections*. Petitioner's arguments are not persuasive.

In *Jackson v. Edwards, supra,* the United States Court of Appeals for the Second Circuit concluded that the defendant had fairly presented his federal due process claim to the state courts by arguing on appeal that the trial judge had erroneously refused to give a jury instruction on the defense of justification because

> the legal standards for his federal and state claims were so similar that by presenting his state claim, he also presented his federal claim.

*Id.*, at 621. Such are not the circumstances here. As noted by the Magistrate Judge, the Supreme Court in *Daubert* considered only the standard for admission of expert testimony under the Federal Rules of Evidence. Further,

> [i]n developing and refining the "fairly present" standard, the Supreme Court has concentrated on the degree of similarity between the claims that a petitioner presented to the state and federal courts. For example, *Anderson v. Harless,* 459 U.S. 4, 7, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), held that a habeas petitioner had not fairly presented a federal due process claim in state court when he argued that the trial court's jury instruction was "erroneous," and cited only a state law case holding, under Michigan law, that malice should not be implied from the fact that a weapon is used. The Court rejected petitioner's contention that the "due process ramifications" of his argument to the Michigan court "were self-evident," noting that the state court had interpreted the claim under principles that were entirely different from petitioner's federal due process theory. *Id.* As the Court explained, "[i]t is not enough that ... a somewhat similar state-law claim was made." *Id.* at 6, 103 S.Ct. 276.

2

> *Duncan v. Henry,* 513 U.S. 364, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam), similarly held that a habeas petitioner had not exhausted his federal due process claim when he argued before the state appellate court that the trial court's failure to sustain an evidentiary objection was a "miscarriage of justice." *Id.* at 364, 115 S.Ct. 887. Rather than considering whether the evidence was so inflammatory as to prevent a fair trial, the state court merely asked whether its prejudicial effect outweighed its probative value-a state law question. Because the state and federal inquiries were "no more than somewhat similar" rather than "virtually identical," the claim had not been fairly presented. *Id.* at 366, 115 S.Ct. 887 (internal quotation marks and citation omitted).
>
> Most recently, in *Baldwin v. Reese,* 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004), the Court held that a prisoner who did not "explicitly say that the words 'ineffective assistance of *appellate* counsel' refer to a federal claim," but did explicitly say that he was raising a federal claim of ineffective assistance with respect to *trial* counsel, failed to exhaust the claim that his appellate counsel was ineffective. *Id.* at 33, 124 S.Ct. 1347 (emphasis added).

*Jackson v. Edwards, supra,* 404 F.3d at 619-620. In this case, petitioner argued before the state appellate court that the evidence he sought to introduce was probative and admissible under Ohio Evidence Rules 402 and 401. He argued that the trial court's refusal to permit the evidence was inconsistent with Ohio's statute on driving while under the influence, O.R.C. §4511.19, with Ohio law and with rulings in other states. This Court is simply not persuaded that arguing that the trial judge violated state law and evidentiary rules and abused his discretion by refusing to permit the testimony of certain defense witnesses fairly presented or appraised the state appellate court of petitioner's federal constitutional claim regarding the denial of the right to present a defense. *See, e.g., Williams v. Anderson,* 460 F.3d 789, 806-07 (6th Cir. 2006)(petitioner waived federal due process claim where he argued in state courts only that admission of testimony regarding prior bad acts violated state evidentiary rules); *Nichols v. Bell,* 440 F.Supp.2d 730, 839-40 (E.D. Tenn. 2006).

3

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted *de novo* review of the *Report and Recommendation*. For the foregoing reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED AND AFFIRMED**. This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

12-14-2007
Date

EDMUND A. SARGUS, JR.
United States District Judge